### Mrs. T. Michaelsohn vs. A. L. Levy and S. Solomon.

Mayo, J. Where property has been attached, and is burned while in the possession of the sheriff, the wife of the attached debtor, who claims that the property belonged to her, may sue the sheriff and the surety on plaintiff's attachment bond, to recover damages caused by the seizure. The attachment bond protects third persons as well as defendant.

2. The husband owed the wife $1,000. In payment of this, he gave her a stock of goods inventoried and appraised, in the act of sale, at $1569. The sale is null and void in its entirety, because the husband cannot sell property to the wife, except so much as will satisfy her paraphernal claims.

3. While no amount of fraud in transfers, from an insolvent husband to his wife will invalidate them, yet where the fraudulent intent is grossly apparent, the parties will be rigidly held, that every legal and formal step to complete the transfers was complied with. 34 An. 993.

---

### L. D. James vs. Sheriff et al.

Reeves Lewis, J., *ad hoc.* Where no judgment for damages has been rendered against the surety on the injunction bond, he is a competent surety on the appeal bond of plaintiff. 36 An. 390.

2. Where a third person enjoins the sale of his property seized under *fi. fa.* against another, he cannot recover counsel fees as damages, but may sue for all other damages occasioned by the seizure up to the time of instituting the suit.